# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**ROBBIE KEETON GEIGER, as Administratrix**
**of the Estate of Ricky Keith Keeton, Deceased;**
**DELISHA KEETON MOONEY, and**
**MEGAN ARCHER**                                                 **PLAINTIFFS**

**VERSUS**                                                 **CAUSE NO.** 1:16cv95-SA-DAS

**MONROE COUNTY, MISSISSIPPI**
**and ERIC SLOAN**                                                     **DEFENDANTS**

**JURY TRIAL DEMANDED**

## COMPLAINT

This is an action to recover damages for the killing of Ricky Keith Keeton by Monroe County Law Enforcement Officers. For grounds, Plaintiffs show the Court the following:

1.

Plaintiff ROBBIE KEETON GEIGER is an adult resident citizen of 71 Travis Circle, Colorado Springs, Colorado 80916, and is the Administratrix of the Estate of Ricky Keith Keeton. Plaintiff Geiger sues both in her capacity as Administratrix and in her capacity as a wrongful death beneficiary. Plaintiff Geiger is a daughter of Ricky Keith Keeton.

Plaintiff DELISHA KEETON MOONEY, also a daughter of Ricky Keith Keeton, is an adult resident citizen of 326 County Road 1057, Tupelo, Mississippi 38804-8298.

Plaintiff MEGAN ARCHER, also a daughter of Ricky Keith Keeton, is an adult resident citizen of 23573 Southpoint Drive, Denham Springs, Louisiana 70726.

2.

Defendant MONROE COUNTY, MISSISSIPPI is a political subdivision of the State of Mississippi. It is sued for its official law enforcement policy decisions. It may be served with process upon the Monroe County Chancery Clerk, Ronnie Boozer, at 201 West Commerce Street, Aberdeen, Mississippi 39730.

Defendant ERIC SLOAN, at all relevant times, was the head of the Monroe County Narcotics Unit and was the narcotics policy maker for Monroe County, Mississippi. Defendant Sloan will be served with service of process wherever he may be found.

3.

This Court has federal question jurisdiction under 28 U.S.C. § 1331 and civil rights jurisdiction under 28 U.S.C. § 1343, to address violations of the Fourth and Fourteenth Amendments to the United States Constitution. This action is authorized by 42 U.S.C. § 1983.

4.

Ricky Keith Keeton ("Keeton") died intestate on October 28, 2015, from multiple gunshot wounds.

5.

At the time of Keeton's death, he left as his sole children and sole wrongful death beneficiaries, his daughters, Plaintiff Robbie Keeton Geiger, Plaintiff Delisha Keeton Mooney, and Plaintiff Megan Archer.

6.

Keeton was employed for many years as a furniture builder at the Parkhill Furniture Company in Okolona, Mississippi. He was an industrious worker, and rose to the position of

furniture plant manager. When Parkhill Furniture Company was sold to a major manufacturing company, United Furniture Industries, Plaintiff lost his plant manager position and subsequently did lesser jobs for other furniture plants.

7.

At the time of his death, Keeton's primary income consisted of income earned from self-employment as a mechanic and as a carpenter, and from income earned from "trading" in old, used vehicles. Additionally, Keeton depended on his livelihood, in part, upon income earned by his long-time girlfriend, Wanda Odom, who had lived with him for approximately ten (10) years at the time of his death, and was employed as a factory worker.

8.

Keeton was a poor person. Plaintiffs often paid for Keeton's diabetes medication, and he owed substantial amounts of medical bills at the time of his death. The single-wide, one bedroom mobile home in which Keeton was living when Monroe County deputies killed him cost $1,500.00.

9.

Keeton had a reputation in the community for being a non-violent person. His non-violent nature was personally known to the sheriff, who had a high opinion of him, and who confirmed to Plaintiffs after Keeton's death that he considered Keeton "more than a friend."

10.

Because of a prior marijuana felony conviction, Ricky Keeton did not own or possess a firearm.

11.

At approximately 1:00 a.m. in the early morning hours of October 28, 2015, while Ricky Keith Keeton and his long-time girlfriend Wanda Odom slept, deputy sheriffs, under the command and supervision of the sheriff and the chief deputy of Monroe County, and the chief narcotics officer of Monroe County, surrounded Keeton's single-wide, one-bedroom mobile home, located at the end of Sizemore Road near Smithville, Mississippi. Keeton awakened his girlfriend, Wanda Odom, to tell her that he "thought he heard something." Believing there was an intruder, Keeton picked up a pellet pistol, and moved toward the back door, which was the entry place of his home. Immediately thereafter, Defendant Sloan and other deputies fired approximately forty-nine (49) rounds through the door and side of the flimsy mobile home. Approximately six of the rounds struck Ricky Keeton. Keeton died of his wounds lying near the bedroom of his mobile home.

12.

The Mississippi Bureau of Investigation conducted an investigation of the shooting, and obtained written statements from the chief deputy of Defendant Monroe County, Mississippi, who had taken the statements from the officers a few days after the shooting.

13.

The officers' official statements claim that Defendants had a no-knock search warrant. Plaintiffs have obtained a copy of a warrant, attached hereto as Exhibit "A." The Justice Court file also contains an "affidavit" for a search warrant. See affidavit, attached hereto as Exhibit "B." The affidavit lacks sufficient detail to show probable cause for the search, especially a no-knock search.

14.

The officers' statements also contain false statements about how the killing occurred. Specifically:

A. Officers' statements claim that they had seen "a white male with no shirt holding a black gun and firing it at Deputy Mitchell." In fact, Keeton could not have been firing at Deputy Mitchell, or anyone else, since he did not carry a firearm. The Mississippi Highway Patrol investigation revealed that there was only single pellet discharged from the pistol, and it lay at the feet of the deceased Keeton;

B. Officers' statements claim that as deputies were prying the door open, or "ramming the door to attempt to gain entry," officers were yelling "sheriff's department, search warrant." In fact, no audible yell or sheriff's department warning or any other warning was given.

15.

Following the shooting, the Monroe County Sheriff's Department made false statements to the press, claiming that Keeton "opened the door and started shooting," and that Keeton wounded one of the deputies. *See*, newspaper articles, attached hereto as Exhibit "C." In fact, Plaintiff did not and could not have wounded a deputy. Officers' statements given days after the incident, deny that Keeton "opened the door," and claim that deputies broke the door open.

16.

According to the officers' statements, given to the chief deputy, days after the shooting, Defendant Sloan, head of the Monroe County Narcotics Department, and another narcotics officer initiated the decision to search Keeton's home. Defendant Sloan's statement claims he had received information that Keeton had $20,000.00 at his home and that a Mexican drug dealer was coming to Keeton's home the next day to pick up the money.

17.

In September 2015, Defendant Monroe County's chief deputy had received reliable information that Sloan was stealing from criminal suspects, and had initiated an investigation of Sloan because of that reliable information. See Statement of Highway Patrol Investigator Kenneth Bailey, attached hereto as Exhibit "D," and the polygraph examination of Stephanie Herring, attached hereto as Exhibit "E."

18.

Following Keeton's death, without any probable cause, and without a judicial order so authorizing, Monroe County deputies, as a matter of law enforcement policy, seized much of Keeton's personal property. Subsequently, Defendant Monroe County attempted to justify the seizure of the property with a baseless claim that Plaintiff's personal property was the proceeds of drug sales. See Petition for Forfeiture, Exhibit "F." Upon an answer being filed to the Petition for Forfeiture, Exhibit "G," Monroe County agreed to return much of the property. See Agreed Order of Circuit Court of Monroe County, Exhibit "H." Defendant Monroe County, Mississippi then returned most of the property it illegally seized.

19.

Defendants have failed to return, and kept for themselves, some of Keeton's property, including, but not limited to, $662.00 in cash and a set of new tools. Defendants have damaged some of the returned property.

20.

Plaintiffs' rights, secured by the Fourth Amendment to the United States Constitution and the substantive due process clause of the Fourteenth Amendment have been violated in the following particulars, all of which proximately caused Plaintiff's death:

A. There was no showing of probable cause in the affidavit for the search warrant.

B. The warrant authorized a no-knock entry without showing circumstances to justify such no-knock entry.

C. Defendant Monroe County caused Keeton's death by breaking into his home without giving him a warning that law enforcement officers were the intruders.

D. Shots were fired into and at Keeton, at a time when Keeton was not a threat to the officers.

E. The carrying out of the search at 1:00 a.m. was unreasonable, since officers would have known that any citizen was likely to arm himself if he hears a break in of his home at such an hour.

F. Defendant Monroe County utilized deadly force against one known to be a non-violent, personal friend of the Sheriff.

G. Defendant Monroe County allowed Defendant Sloan to initiate the decision to search Keeton's home, at a time when it was investigating Defendant Sloan because of known acts of dishonesty involving theft from criminal suspects.

H. Defendant Monroe County allowed one deputy who had been drinking alcohol to participate in the search and seizure.

I. Defendant Sloan initiated the raid on Keeton's home. The raid was not for any law enforcement purpose, but for the purpose of getting the $20,000.00 which Defendant Sloan believed to be at the residence.

J. Defendant Monroe County had body cameras which could have accurately portrayed what happened. Instead of utilizing the body cameras, Defendant Monroe County perpetuated a false version of events through officers' statements given days after the incident, including the statement of Defendant Sloan, attached hereto as Exhibit "I."

K.     Defendant Monroe County attempted to hide Plaintiff's cause of action by false statements to the press. See Exhibit "C."

L.     Defendant Monroe County took and never returned a game camera, a bird house camera, and also knocked a camera at the front of the house. These cameras would have disclosed a true version of events.

21.

Additionally, Defendant Monroe County is liable to Plaintiff for violation of the substantive and procedural aspects of the due process clause of the Fourteenth Amendment to the United States Constitution, and violation of the Fourth Amendment by the judicially unauthorized seizing and detaining of some of Plaintiff's property without a hearing, and because of the confiscation of other of Plaintiff's property.

22.

The death and illegal seizure were caused by official law enforcement policy decision of Defendant Monroe County, Mississippi, including policy decisions made by numerous deputies acting in concert, by the sheriff, by the chief deputy and by narcotics chief Defendant Sloan.

23.

Plaintiffs suffered actual damages because of loss of companionship, shock and fright, loss of companionship, damage to reputation and mental anxiety. Plaintiffs are due all damages under the Mississippi wrongful death statute. Plaintiffs are also due damages because of the loss of personal property, and the wrongful detention of the personal property of Keeton.

**REQUEST FOR RELIEF**

Plaintiffs, therefore, request actual damages against Defendant Monroe County in an amount to be determined by a jury, and reasonable attorneys' fees, costs, and expenses. Plaintiff requests actual and punitive damages against Defendant Sloan.

RESPECTFULLY SUBMITTED, this the 6th day of June, 2016.

        ROBBIE KEETON GEIGER.
        DELISHA KEETON MOONEY,
        and MEGAN ARCHER, Plaintiffs

By: */s/ JIM WAIDE*
   Jim Waide, MS Bar No. 6857
   Rachel Pierce Waide, MS Bar No. 100420
   waide@waidelaw.com
   WAIDE & ASSOCIATES, P.A.
   332 North Spring Street (38804)
   Post Office Box 1357
   Tupelo, MS 38802-1357
   (662) 842-7324 / Telephone
   (662) 842-8056 / Facsimile

   R. Shane McLaughlin, MS Bar No. 101185
   rsm@mclaughlinlawfirm.com
   MCLAUGHLIN LAW FIRM
   338 North Spring Street, Suite 2
   Tupelo, MS 38804-3955
   Post Office Box 200
   Tupelo, MS 38802-0200
   (662) 840-5042 / Telephone
   (662) 840-5043 / Facsimile

   ATTORNEYS FOR PLAINTIFFS