## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## ABERDEEN DIVISION

**ROBBIE KEETON GEIGER, as**            **PLAINTIFFS**
**Administratrix of the Estate of Ricky**
**Keith Keeton, Deceased, et al.**

**V.**            **NO. 1:16-CV-95-DMB-DAS**

**MONROE COUNTY, MISSISSIPPI,**
**et al.**            **DEFENDANTS**

### ORDER

Following the shooting death of Ricky Keith Keeton and the seizure of his property—which both occurred during the execution of a no-knock search warrant at his home—Keeton's three daughters sued Monroe County, Mississippi, and Eric Sloan, asserting federal claims and claims under Mississippi's wrongful death statute. Doc. #1. On January 2, 2018,[1] the defendants filed a motion in limine to exclude "[a]ny and all newspaper articles submitted by the Plaintiffs." Doc. #118 at 1. Having considered the parties' briefing and the relevant law, the motion in limine will be denied.

### I
### Standard

"The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. Evidence should not be excluded in limine unless it is clearly inadmissible on all potential grounds." *Harkness v. Bauhaus U.S.A., Inc.*, No. 3:13-cv-129, 2015 WL 631512, at *1 (N.D. Miss. Feb. 13, 2015) (cleaned up).

---

[1] Keeton's daughters commenced suit on June 6, 2016. Doc. #1. United States District Judge Sharion Aycock, then assigned to the case, denied the defendants' motions for summary judgment, which the Fifth Circuit affirmed August 8, 2019. Doc. #159. Following remand by the Fifth Circuit, Judge Aycock reinstated all pending motions previously deferred pending appeal, including this motion in limine. Doc. #160. This case was assigned to the undersigned district judge on February 27, 2020, upon Judge Aycock's recusal. Doc. #162.

## II
## Analysis

The defendants' motion seeks to exclude "[a]ny and all newspaper articles" "as inadmissible hearsay." Doc. #118 at 1, 2. The plaintiffs respond that they "do not intend to introduce any newspaper articles as substantive evidence for the proof of the matters asserted therein." Doc. #136 at 1. However, the plaintiffs represent that they "intend to use statements made by Defendants as impeachment evidence and as prior inconsistent statements at trial." *Id.* Specifically, the plaintiffs state they "intend to ask the Monroe County sheriff about inconsistent statements which he made to a news outlet describing the shooting and the reasons for it." *Id.* at 2.

"In general, the rule against hearsay bars the admission of any statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." *United States v. Noria*, 945 F.3d 847, 852 (5th Cir. 2019) (internal quotation marks omitted). The corollary to this rule is that "out-of-court statements aren't hearsay if not offered to prove the truth of the matter asserted." *Chevron Oronite Co., L.L.C. v. Jacobs Field Servs. N. Am., Inc.*, 951 F.3d 219, 228 (5th Cir. 2020). "[I]mpeachment to demonstrate the untruth of a witness' testimony is not excludable as hearsay because it is not offered primarily to prove the truth of the matter asserted, but to contradict the prior testimony." *United States v. Winkle*, 587 F.2d 705, 710 (5th Cir. 1979). But impeachment evidence must satisfy Federal Rule of Evidence 403, which requires that the probative value of evidence not be substantially outweighed by the danger of undue prejudice. *United States v. Dennis*, 365 F. App'x 591, 594 (5th Cir. 2010).

The defendants, citing two opinions from the Southern District of Mississippi, argue that a party may not use newspaper articles for impeachment purposes. Doc. #140 at 1–2. In *Fowler v.*

*State Farm Fire & Casualty Co.*, the district court considered a motion in limine seeking to exclude "media reports of [the defendant's] activities to impeach its witnesses." No. 1:06cv489, 2008 WL 3050417, at *10 (S.D. Miss. July 25, 2008). The judge rejected the plaintiffs' argument because:

> the Court is of the opinion that permitting Plaintiffs to use media reports of State Farm's activities to impeach its witnesses would allow an exception to the hearsay rule to swallow the rule itself. There is no indication that the reporter(s) who wrote the article(s) in question will be available for cross-examination regarding the veracity or accuracy of the statements in each article attributed to State Farm, and for this reason, there is also a lack of sufficient indicia of trustworthiness in the articles.

*Id.* In *Moore v. Hinds County Board of Supervisors*, the district court adopted *Fowler*'s reasoning in holding that a "direct quote within an article" may not be used for impeachment. No. 3:10-cv-343, 2011 WL 5117101, at *2 (S.D. Miss. Oct. 25, 2011).

The *Moore* and *Fowler* conclusion is consistent with the proposition of law that, for impeachment purposes, "in the absence of endorsement by the witness, a third party's notes of a witness's statement may not be admitted as a prior inconsistent statement unless they are a verbatim transcript of the witness's own words." *United States v. Almonte*, 956 F.2d 27, 29 (2d Cir. 1992). Thus, the newspaper articles, which reflect the author's description of what the declarant said, may not be used to impeach a witness through prior inconsistent statements unless the party proffering the articles "presents evidence sufficient to support a finding that the … third party's notes [were] a verbatim transcript of a witness's prior statement." *Id.* at 30. If the proponent satisfies this burden, the article may be used as impeachment so long as it otherwise satisfies Rule 403. *See generally United States v. Brumfield*, 713 F. App'x 395, 396 (5th Cir. 2018) (noting that newspaper articles had "evidentiary purpose … to impeach trial testimony").

Because the parties have not identified the articles to be used, the Court cannot conclude at this time that the plaintiffs will be unable to make the necessary showing that the articles contain

3

verbatim transcripts of the sheriff's statements or that the articles would otherwise be inadmissible under Rule 403. *See In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 747 (3d Cir. 1994) ("Rule 403 is rarely appropriate as a basis of *pre-trial* exclusion, because a judge cannot ascertain potential relevance until that judge has a virtual surrogate for a trial record."). Accordingly, the motion in limine must be denied.

### III
### Conclusion

The defendants' motion in limine to exclude the newspaper articles [118] is **DENIED**.

**SO ORDERED**, this 8th day of September, 2020.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**