IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**ROBBIE KEETON GEIGER, as**                                                                  **PLAINTIFFS**
**Administratrix of the Estate of Ricky**
**Keith Keeton, Deceased, et al.**

**V.**                                                                                                                **NO. 1:16-CV-95-DMB-DAS**

**MONROE COUNTY, MISSISSIPPI,**
**et al.**                                                                                                                           **DEFENDANTS**

## ORDER

Following the shooting death of Ricky Keith Keeton and the seizure of his property—which both occurred during the execution of a no-knock search warrant at his home—Keeton's three daughters sued Monroe County, Mississippi, and Eric Sloan, asserting federal claims and claims under Mississippi's wrongful death statute. Doc. #1. On January 2, 2018,[1] the defendants filed a motion in limine to exclude certain evidence of Sloan's alleged prior bad acts. Doc. #119. Because Sloan's alleged prior bad acts are irrelevant to the plaintiffs' Fourth Amendment claims, the motion in limine will be granted.

### I
### Standard

"The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. Evidence should not be excluded in limine unless it is clearly inadmissible on all potential grounds." *Harkness v. Bauhaus U.S.A., Inc.*, No. 3:13-cv-129, 2015 WL 631512, at *1 (N.D. Miss. Feb. 13, 2015) (cleaned up).

---

[1] Keeton's daughters commenced suit on June 6, 2016. Doc. #1. United States District Judge Sharion Aycock, then assigned to the case, denied the defendants' motions for summary judgment, which the Fifth Circuit affirmed August 8, 2019. Doc. #159. Following remand by the Fifth Circuit, Judge Aycock reinstated all pending motions previously deferred pending appeal, including this motion in limine. Doc. #160. This case was assigned to the undersigned district judge on February 27, 2020, upon Judge Aycock's recusal. Doc. #162.

## II
## Analysis

The defendants seek to exclude "any evidence concerning the deposition of Stephanie Herring, the statement of MBI Investigator Kenneth Bailey concerning the Mississippi Bureau of Investigation's [investigation] of Eric Sloan, and the polygraph examination report of a polygraph examination of Stephanie Herring." Doc. #119. Broadly speaking, the evidence the defendants seek to exclude relates to allegations by Herring, a former confidential informant working for Sloan, that Sloan had engaged in an array of misconduct, including attempts to extort and steal money from drug dealers, and the investigation into such allegations. *See* Doc. #138 at 2–3. The defendants contend this evidence is inadmissible as irrelevant, improper character evidence, and unduly prejudicial under Rule 403. Doc. #120 at 5–10.

"A fundamental precept of federal evidence law is that evidence must be 'relevant' to be admissible." *Acadian Diagnostic Labs., L.L.C. v. Quality Toxicology, L.L.C.*, 965 F.3d 404, 412 (5th Cir. 2020) (quoting Fed. R. Evid. 402). "To be relevant, evidence must have a tendency to make a fact more or less probable, and the fact must be 'of consequence in determining the action.'" *Id.* (quoting Fed. R. Evid. 401). Additionally, the Federal Rules of Evidence "do not allow the introduction of 'character evidence'—evidence of other 'crimes, wrongs, or acts'—'to show action in conformity therewith.'" *Alaniz v. Zamora-Quezada*, 591 F.3d 761, 774 (5th Cir. 2009) (quoting Fed. R. Evid. 404(b)). However, "evidence of prior bad acts is admissible for other purposes, including proof of intent, plan, motive, knowledge, and absence of mistake or accident." *Id.*

Here, the plaintiffs argue that the challenged evidence "indicates that the break-in of Keeton's residence and, indeed, the shooting of Keeton, may not have been pursuant to any

2

legitimate law enforcement activity."[2] Doc. #138 at 7. Rather, the plaintiffs argue that Sloan's misconduct is evidence of a motive or plan that would allow a jury to infer that he was involved in "a scheme to have an excuse to invade the Keeton home, where Sloan believed there was $20,000.00 available for the taking. A search conducted under such circumstances is not reasonable, and necessarily violates the Fourth Amendment."[3] *Id*.

"[T]he Fourth Amendment regulates conduct rather than thoughts." *Ashcroft v. al-Kidd*, 563 U.S. 731, 736 (2011). Accordingly, with certain exceptions inapplicable here, a Fourth Amendment reasonableness inquiry is "predominantly … objective." *Id*. A court need only ask whether "the circumstances, viewed objectively, justify the challenged action. If so, that action was reasonable whatever the subjective intent motivating the relevant officials." *Id*. (cleaned up). Consistent with this rule, courts regularly exclude evidence of an officer's subjective intent from being used to prove a Fourth Amendment violation. *See Stauffer v. City of Newberg*, No. 3:17-cv-1295, 2020 WL 1861675, at *5 (D. Or. Mar. 20, 2020) ("The [prior bad act] evidence is not relevant to establish plaintiff's excessive force claim, which turns on whether the officer's actions were objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.") (quotation marks omitted) (collecting cases); *Candonoza v. Royston*, No. 4:16-CV-48, 2018 WL 5023425, at *3 (N.D. Ga. Mar. 5, 2018) ("Even if Plaintiff seeks to use the incidents in other cases to prove motive, motive is irrelevant here

---

[2] In a related motion in limine, this Court concluded that the evidence related to the polygraph examination is inadmissible to show that the sheriff acted unreasonably in approving the no-knock search. Doc. #168 at 5.

[3] In their response, the plaintiffs refer to evidence relating to drug charges against Terry Parker, Sloan's confidential informant with respect to the Keeton residence, and the possibility of questioning Sloan about his alleged misconduct on cross examination. Doc. #138 at 5–6, 8. Neither of these arguments are addressed in the defendants' motion in limine and will not be addressed here.

because the claims are governed by the Fourth Amendment, which looks only to objective facts and circumstances and disregards subjective intent.") (collecting cases).

Because reasonableness under the Fourth Amendment is disconnected from an officer's subjective intent, the plaintiffs' proffered use for the evidence—to establish Sloan's alleged wrongful intent and motive in instigating the search and seizure—is irrelevant to the claims before the Court. Accordingly, the irrelevant evidence related to Sloan's alleged past misconduct is inadmissible.

### III
### Conclusion

The defendants' motion in limine [119] is **GRANTED**. Any evidence concerning the deposition of Stephanie Herring, the statement of MBI Investigator Kenneth Bailey concerning the Mississippi Bureau of Investigation's investigation of Eric Sloan, and the polygraph examination report of a polygraph examination of Stephanie Herring is excluded from trial.

**SO ORDERED**, this 9th day of September, 2020.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**