IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**ROBBIE KEETON GEIGER, as**     **PLAINTIFFS**
**Administratrix of the Estate of Ricky**
**Keith Keeton, Deceased, et al.**

V.     NO. 1:16-CV-95-DMB-DAS

**MONROE COUNTY, MISSISSIPPI,**
**et al.**     **DEFENDANTS**

## ORDER

On September 6, 2021, the defendants filed a motion to continue the September 20, 2021, trial date due to COVID-19 concerns. Doc. #201. The plaintiffs filed a response in opposition[1] on September 10, 2021, Doc. #205, and the defendants replied[2] the same day, Doc. #207.

Upon consideration of the grounds stated in the motion and the accompanying memorandum, the Court concludes that good cause exists at this time to continue trial. Accordingly, the defendants' motion to continue [201] is **GRANTED**.[3] Trial is continued until Wednesday, January 5, 2022.

---

[1] In their response, the plaintiffs argue that they "are likely to be prejudiced by future unavailability of witnesses" if trial is continued. Doc. #205 at 1. However, they ask that, should trial be continued, the Court (1) allow them to "retake the deposition of Former Sheriff Cecil Cantrell for use at trial;" (2) allow "both parties … to take the depositions of any witnesses who are expected to testify at trial, but have not been deposed when discovery was occurring;" and (3) "enter an order continuing the trial subpoenas." *Id.* at 2.

[2] In their reply, the defendants object to Cantrell being deposed a second time but do not object to the request to depose any previously un-deposed witnesses expected to testify at trial so long as they are (1) also allowed to "re-open and resume the depositions of any witness where the parties agreed to leave that deposition 'open,'" and (2) "[t]he parties be allowed to submit a revised Pre-Trial Order." Doc. #207 at 3–4.

[3] To avoid any confusion, this ruling grants a continuance of trial only. It does not authorize any of the discovery the parties request in their respective response and reply. Those discovery requests are not properly before the Court. *See* L.U. Civ. R. 7(b)(3)(C) ("A response to a motion may not include a counter-motion in the same document."). And though during a recent status conference the parties shed some light on why at this stage of the case they want to conduct what appears could potentially evolve into extensive discovery, the Court is not inclined to grant broad requests for discovery like those mostly articulated by the parties here. Finally, to the extent the potential inability of a particular witness to appear at trial was raised at the status conference, given that such witness is listed by both sides in the proposed pretrial order, the Court directs the parties to confer to determine if an agreement can be reached as to whether the deposition need be taken to preserve the witness' testimony and, if the parties decide it should be taken,

**SO ORDERED**, this 17th day of September, 2021.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

the time, place, method, and means for doing so. Regardless, any motion for leave to conduct the deposition may be filed no later than Wednesday, September 22, 2021.