IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ROBBIE KEETON GEIGER, AS ADMINISTRATRIX
OF THE ESTATE OF RICKY KEITH KEETON,
DECEASED; DELISHA KEETON MOONEY,
AND MEGAN ARCHER                                                                                       PLAINTIFFS

v.                                                                    CIVIL ACTION NO. 1:16-CV-95-SA-DAS

MONROE COUNTY, MISSISSIPPI,
AND ERIC SLOAN                                                                                        DEFENDANTS

**ORDER**

Plaintiffs have moved to include Roger Woods as a witness in the Pretrial Order. Docket 212. The proposed inclusion of Mr. Woods as a witness in the Pretrial Order was previously before the court during a telephonic status conference concerning the final pretrial conference. On July 20, 2021, the court ordered that the plaintiffs could not call Mr. Woods as a witness at trial because Mr. Woods was not identified as a potential witness until long after the discovery deadline had expired.[1] Docket 179. In light of a trial continuance until January 5, 2022, the plaintiffs have renewed their request to include Mr. Woods in the Pretrial Order stating that they inadvertently failed to identify him in discovery and arguing that he is an important witness and their failure to timely disclose him in discovery is harmless. *Id*.; *see also* Docket 209, 210.

Federal Rule of Civil Procedure 26 governs parties' obligations to disclose and supplement the names of individuals with information used to support claims and defenses as

---

[1] The defendants contend the instant motion is untimely and improper because the plaintiffs failed to file any objections to the court's ruling excluding Mr. Woods from testifying at trial. Docket 213 (citing Fed. R. Civ. P. 72 which states "[a] party may serve and file objections to the order [on a pretrial matter not dispositive of a party's claim or defense] within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to."). Because the circumstances controlling the court's analysis have materially changed, *i.e.*, trial has been continued to January 5, 2022, the court will consider the instant motion on the merits.

well as all discovery requests as new information is learned. Rule 26(a)(1)(A) requires that a party must, without awaiting a discovery request, provide to the other parties:

> (i) the name, and if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment…;
>
> (ii) a copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support is claims or defenses, unless the use would be solely for impeachment….

Rule 26(e)(1)(A) requires the party to supplement its disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." *See also* L.U.Civ.R. 26(a)(5).

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c). According to the Advisory Committee Note to Rule 37, this sanction provides "a strong inducement for disclosure of material that the disclosing party would expect to use as evidence, whether at a trial, at a hearing, or on a motion," by the deadline. The purpose of these disclosure requirements is to "eliminate unfair surprise to the opposing party." *Hill v. Koppers Indus.*, 2009 WL 3246630, at *2 (N.D. Miss. Sept. 30, 2009) (citing *Muldrow ex rel. Estate of Muldrow v. Re-Direct, Inc.*, 493 F.3d 160, 167 (D.C. Cir. 2007)).

In determining whether to exclude evidence for breach of duty to supplement answers to interrogatories or other discovery, courts should consider: 1) the explanation, if any, for failure to identify the witness, 2) the importance of the testimony, 3) potential prejudice in allowing the testimony, and 4) possibility of continuance to cure such prejudice. *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990); *see also*, 8 C. Wright & A. Miller, Federal Practice and Procedure, § 2050 at 327 (1970); Fed. R. Civ. P. 26(e). The basic purpose of Rule 26(e) is to prevent a party from being prejudicially surprised by information presented at trial. *Reed v. Iowa Marine and Repair Corp.,* 16 F.3d 82, 85 (5th Cir.1994); *Brower v. Staley, Inc.,* Slip Copy, 2008 WL 5352019 (5th Cir. 2008).

Considering the factors for determining whether to exclude Mr. Woods as a witness from the parties' Pretrial Order, the court finds the plaintiff's explanation insufficient. While the court is sympathetic to the importance of Mr. Woods' purported testimony, there is simply no means of obviating the prejudice to the defendants that would be caused by permitting his testimony at this point in the litigation. The plaintiffs' motion was filed on October 5, 2021, and fully briefed by October 25, 2021. Considering the January 5, 2022 trial setting, insufficient time remains to make the witness available for a deposition and permit briefing and ruling on any related motions in limine. Accordingly, the plaintiffs' Motion to Add Roger Woods as a Witness on the Pretrial Order is **DENIED**.

**SO ORDERED**, this the 17th day of November, 2021.

/s/ David A. Sanders
**UNITED STATES MAGISTRATE JUDGE**