**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**ROBBIE KEETON GEIGER, as**                                            **PLAINTIFFS**
**Administratrix of the Estate of Ricky
Keith Keeton, Deceased, et al.**

**V.**                                                               **NO. 1:16-CV-95-DMB-DAS**

**MONROE COUNTY, MISSISSIPPI,
et al.**                                                              **DEFENDANTS**

## ORDER

On August 10, 2021, when this case was then set to begin trial six days later,[1] the plaintiffs filed a motion requesting "the Court to give the special verdict form attached" because, according to them, "[a] special verdict form should be used so that the basis of any jury's verdict should be clear." Doc. #187 at 1. Opposing the motion, the defendants respond that "the [plaintiffs'] proposed Form should be either revised to eliminate or re-phrase questions 'A-D' or struck in its entirety due to its untimeliness."[2] Doc. #200 at 2. The plaintiffs did not reply.

The plaintiffs' motion to use their proposed special verdict form [187] is **DENIED** because the plaintiffs (1) failed to file a separate memorandum brief in support of the motion as required by Local Rule 7(b)(4) and otherwise wholly fail to explain why their proposed special verdict form is proper in view of the issues to be tried;[3] (2) submitted their proposed special verdict form after deadlines then set for proposed jury instructions and revised proposed jury instructions; and (3)

---

[1] *See* Doc. #171.

[2] Specifically, the defendants "object to the Plaintiffs' proposed [verdict] form because (1) several questions impermissibly presume liability on the part of Defendants as to the constitutional claims involving the seizure of property and (2) the form was neither submitted as a part of the Plaintiffs' initial jury instructions nor was it timely re-submitted with Plaintiffs' revised proposed jury instructions." Doc. #200 at 1.

[3] The plaintiffs' one-sentence proffered reason that "[a] special verdict form should be used so that the basis of any jury's verdict should be clear" is patently insufficient.

contrary to Local Rule 51(c), docketed their proposed verdict form as an attachment to the motion rather than submitting it by electronic mail to the trial judge's chambers. But to the extent the form and substance of the verdict form to be used at trial are matters that ultimately must be addressed,[4] the denial of the motion is without prejudice to its renewal no later than February 7, 2022.[5]

    **SO ORDERED**, this 10th day of January, 2022.

                                                                  /s/Debra M. Brown  
                                                                  **UNITED STATES DISTRICT JUDGE**

---

[4] Under Federal Rule of Civil Procedure 49, "the district court has wide discretion as to whether to require the jury to return a special or a general verdict." *Garwood v. Int'l Paper Co.*, 666 F.2d 217, 222 (5th Cir. 1982).

[5] Any associated proposed verdict form must be submitted only to chambers by this deadline. By the same deadline, the defendants may move for the use of a particular verdict form and submit an associated proposed verdict form to chambers only. As with all parties' proposed instructions, the parties are required to communicate with one another with the goal of developing a single jury verdict form acceptable to all.