**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**ROBBIE KEETON GEIGER, as Administratrix**
**of the Estate of Ricky Keith Keeton, Deceased;**
**DELISHA KEETON MOONEY; and**
**MEGAN ARCHER**                                                            **PLAINTIFFS**

**V.**                                                      **CAUSE NO. 1:16-CV-95-DMB-DAS**

**MONROE COUNTY, MISSISSIPPI**
**and ERIC SLOAN**                                                          **DEFENDANTS**

**DEFENDANTS' MEMORANDUM OF AUTHORITIES IN SUPPORT OF**
**MOTION FOR LEAVE TO FILE RENEWED MOTION FOR**
**SUMMARY JUDGMENT**

      **COME NOW**, Defendants Monroe County, Mississippi and Eric Sloan, by and through

counsel, and file this Memorandum of Authorities to move for Leave to File Renewed Motion for

Summary Judgment and in support would state as follows:

**I. BACKGROUND**

      This Court is very familiar with this case and its history.  It is currently set for trial on May

23, 2022.  Defendants acknowledge that they are substantially outside the scheduling order but assert

that good cause exists for allowing them to file their Renewed Motion for Summary Judgment.[1]

      The rationale for this late filing is two fold.  First, Defendants did not have in their possession

information which would have allowed them to file this Motion until on or after March 10, 2022.[2]

Second, simultaneously with this Motion, the Defendants are filing their 12(b)(1) Motion to Dismiss

---

    [1] *See* Ex. "A", Proposed Defendants' Renewed Motion for Summary Judgment and Ex. "B" Memorandum of Authorities in Support of Renewed Motion for Summary Judgment.

    [2] Wanda Stegall's deposition was taken on March 1, 2022, Ex. "D"; the transcript was received on March 10, 2022.  Ex. "C", Email from Gena Glenn with transcript.

one of the Plaintiffs' claims based on lack of Standing. Because standing may be raised at any time, and because the Defendants believe that Plaintiffs do not have standing to assert a Fourth Amendment wrongful seizure claim, Defendants are raising this issue to the Court. As the Court will already be examining the standing issue, the Defendants assert that good cause exists to rule on the issues raised in their Renewed Motion for Summary Judgment.

## II. AUTHORITIES

This Court may consider a Rule 56 motion after the date of the scheduling order. A Rule 56 motion may be filed "[u]nless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery."[3] This Fifth Circuit looked at the intersection between 12(c) and Rule 16 in *Argo v. Woods*, and held that:

> Rule 12(c) does not restrict the court's discretion under Rule 16(b). Just as we have applied Rule 16(b) to a motion pursuant to Rule 56, which states that the motion may be brought "at any time" after certain criteria are met, . . . a Rule 12(c) motion may be brought after the dispositive motions deadline if the moving party complies with the requirements of Rule 16(b) and if it will not delay trial.[4]

Rule 16 of the Federal Rules of Civil Procedure governs scheduling orders.[5] Specifically, Rule 16(b) states that a "schedule may be modified only for good cause and with the judge's consent."[6] This Court must consider four factors in determining whether good cause exists to

---

[3] Fed. R. Civ. P. 56(b).

[4] *Argo*, 399 Fed. Appx. at 1.

[5] *See* Fed. R. Civ. P. 16(b).

[6] Fed. R. Civ. P 16(b)(2); Defendants also note that Federal Rule of Civil Procedure 6(b)(1)(A) also controls extending time, but is not specific to Case Management Orders. *See* Fed. R. Civ. P 6(b)(1)(A). However, under both rules the standard is for good cause shown. Fed. R. Civ. P 6(b)(1)(A) ("When an act may or must be done within a specified time, the court may, for good cause, extend the

modify a case management order: "(1)  the explanation for the inability to comply with the scheduling order; (2) the importance of the requested change to the scheduling order; (3) potential prejudice in allowing the amendment; (4) the availability of a continuance to cure the prejudice.[7] "[C]ourts do not 'mechanically count the number of factors that favor each side[;] [i]nstead, they assess the factors 'holistically,' focusing on the diligence of the party seeking to modify the scheduling order."[8]

Defendants assert that good cause to amend the scheduling order is present here, and respectfully request that this Motion be granted and that the Court consider their out of time motion.

### A.    Parties were unable to comply with the current scheduling order.

The parties agreed to and took two important depositions since the scheduling order was completed.  The first was of Cecil Cantrell.[9]   The second was the deposition of Wanda Stegall.[10] At her original deposition, Wanda Stegall was facing criminal charges related to the methamphetamine found in her and Ricky Keeton's home.[11]   In it, she exercised her Fifth Amendment right throughout the deposition and refused to answer many of the Defendants'

---

time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires[.]"). .

[7] *James v. Cleveland Sch. Dist.*, 2020 U.S. Dist. LEXIS 135248, at *11 (N.D. Miss. July 30, 2020) (citing *Leza v. City of Laredo*, 496 F. App'x 375, 376 (5th Cir. 2012)).

[8] *E.E.O.C. v. Serv. Temps, Inc.*, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009), aff'd, 679 F.3d 323 (5th Cir. 2012)).

[9] **[Doc. 228]**.

[10] **[Doc. 243]**.

[11] *See* Ex. E, **[Doc. 97-5]**, Wanda Stegall's original deposition, P4.

questions, and her deposition was continued.[12] Her criminal charges have since been resolved, and she was able to be fully deposed by the Defendants for the first time without restrictions.[13] Ms. Stegall's testimony, which was not available to the Defendants prior to March 1, 2022, is instrumental in the Defendants' new motion.

Additionally, Defendants have filed a motion challenging the standing of the Plaintiffs to raise a Fourth Amendment wrongful seizure claim. A standing claim may be raised at any time. Because the Court will be ruling on this motion, this weighs in favor of allowing the Court time to rule on the Defendants' other motion in order to streamline the issues for trial.

This factor weighs in favor of extending the amended CMO deadlines.

**B.    The Requested Change is Important as it Affects Both Parties' Abilities to Present the Case on its Merits.**

Obviously the ability to streamline these issues for the Court is important to both sides. Both sides also realized the importance of the two witnesses who were deposed outside of the discovery deadlines. Plaintiffs knew, or should have known, that this might impact the dispositive motions the Defendants might want to file in this case.

**C.    This Request is Opposed But There is No Prejudice in Allowing the Amendment.**

Defendants have conferred with opposing counsel, and there is an objection to allowing the Court to rule on this Motion; however, as Defendants are filing a motion questioning the Plaintiffs' standing in this case and standing may be raised at any time, there is no prejudice in allowing this motion to proceed as well. Additionally, given the length and breath of this trial and the number of

---

[12] *Id.* at pgs. 12, 17, 22, 34, 35, 49, 50.

[13] *See* Ex. "D", Wanda Stegall's March 1, 2022, deposition, P24.

4

anticipated witnesses, both sides will benefit from streamlining any remaining issues. Plaintiffs and Defendants have already agreed to take the depositions of the two witnesses whose health they were concerned about. As such, neither party would be prejudiced in allowing the amendment.

### D. Defendants Request A Continuance To Cure Any Prejudice.

If necessary, Defendants are requesting a continuance of the trial in order to cure prejudice, if there is any present here. Trial in this matter is not set until May 16, 2022, and opposing counsel has stated there is an objection for a trial continuance. However, should this Court need additional time to rule on these motions, Defendants are requesting a continuance to allow the Court to do so. This factor weighs in favor of extending the amended case management deadlines.

### III. CONCLUSION

In sum, there is good cause to extend the CMO deadlines and continue trial.

**WHEREFORE PREMISES CONSIDERED**, Defendants would ask this Court to allow them to file their Renewed Motion for Summary Judgment.

**RESPECTFULLY SUBMITTED** this the 31st day of March, 2022.

**JACKS GRIFFITH LUCIANO, P.A.**

By:  /s/ ***Jamie F. Lee***
Bethany A. Tarpley, MS Bar No. 104134
Jamie F. Lee, MS Bar No. 101881
Arnold U. Luciano, MS Bar No. 99198
Attorneys for Defendants

Of Counsel:

**JACKS GRIFFITH LUCIANO, P.A.**
150 North Sharpe Avenue

P. O. Box 1209
Cleveland, MS 38732
Telephone: 662-843-6171
Facsimile: 662-843-6176
Email: btarpley@jlpalaw.com
        jamie@jlpalaw.com
        aluciano@jlpalaw.com


## CERTIFICATE OF SERVICE

I, Jamie F. Lee, attorney of record for Defendants, do hereby certify that I have this day caused a true and correct copy of the above and foregoing *Defendants' Memorandum of Authorities in Support of Motion for Leave to File Renewed Motion for Summary Judgment* to be delivered by the ECF Filing System which gave notice to the following:

Jim D. Waide, III, Esq.
Rachael Pierce Waide, Esq.
WAIDE & ASSOCIATES, PA
Email: waide@waidelaw.com

R. Shane McLaughlin, Esq.
McLAUGHLIN LAW FIRM
Email: rsm@mclaughlinlawfirm.com

**DATED** this 31st day of March, 2022.

/s/ ***Jamie F. Lee***_____
Jamie F. Lee

6