**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**ROBBIE KEETON GEIGER, as Administratrix
of the Estate of Ricky Keith Keeton, Deceased;
DELISHA KEETON MOONEY; and
MEGAN ARCHER**                                                **PLAINTIFFS**

**VS.**                                               **CAUSE NO. 1:16-CV-00095-DMB-DAS**

**MONROE COUNTY, MISSISSIPPI;
and ERIC SLOAN**                                                **DEFENDANTS**

---

**PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANTS' RULE 12(b)(1) MOTION
TO DISMISS FOURTH AMENDMENT WRONGFUL SEIZURE CLAIM [254]**

---

### I.   INTRODUCTION

On March 31, 2022, Defendants filed their Rule 12(b)(1) Motion to Dismiss Fourth Amendment Wrongful Seizure Claim [254]. The deadline for filing any motion in this case was November 1, 2017. Docket Text Order of October 2, 2017. Thus, Defendants' motion is untimely and should be denied.

Despite the untimely nature of Defendants' motion, Plaintiffs respond to the substantive arguments raised by Defendants.

### II.   ARGUMENT

Defendants contend that "[b]ecause any alleged wrongful seizure happened after Ricky Keeton's death, this alleged violation could not survive his death, and Plaintiffs do not have standing to assert it here." Defendants' Memorandum in Support of 12(b)(1) Motion to Dismiss, p. 1 [255].

00365135.WPD

Defendants rely upon *Whitehurst v. Wright*, 592 F.2d 834, 840 (5th Cir. 1979). *Whitehurst* held that "events occurring Post obitum could form no part of the deceased's 42 U.S.C. s 1983 or s 1985 action." *Whitehurst*, 592 F.2d at 840. This holding was the result of illogic of a claim for "deprivation of a corpse's 'rights'. . . ." *Whitehurst*, 592 F.2d at 840.

Plaintiffs, in this case, however, do not assert a claim for "deprivation of a corpse's 'rights.'" Plaintiffs assert claims for violation of their own rights. Plaintiffs are the sole surviving children of Ricky Keith Keeton, who died intestate. As the sole surviving children, Plaintiffs have inherited any property which Keeton owned. MISS. CODE ANN. §§ 91-1-3, 91-1-11. Therefore, when Defendant County seized the property that Keeton had owned before his death, Defendant County seized property belonging to Plaintiffs. Plaintiffs are the injured parties.

Because Plaintiffs were the injured parties, they have Article III standing. This point was explained in *Abraugh v. Altimus*, 26 F.4th 298 (5th Cir. 2022). *Abraugh* addressed the claim that a parent lacked standing to bring a wrongful death action for the death of her child because Louisiana law did not make her a wrongful death beneficiary. The Fifth Circuit repeated the familiar holdings that Article III standing exists when there is "(1) an 'injury in fact,' (2) that is 'fairly traceable to the challenged action of the defendant,' and (3) that is 'likely ... redress[able] by a favorable decision'). . . ." *Abraugh*, 26 F.4th at 304 (citation omitted).

In this case, Plaintiffs became the owners of the personal property at the time of Keeton's death. Defendant County misappropriated Plaintiffs' property. Thus, Plaintiffs suffered an "injury in fact." The injury was "fairly traceable to the challenged action of the defendant[s],'. . . ." since it was the sheriff of Defendant County who caused the taking of the property. The injury is "'likely

... redress[able] by a favorable decision," since a favorable decision would compensate Plaintiffs for their loss.

Plaintiffs, therefore, have Article III standing.

### III.  CONCLUSION

Defendants' motion is untimely and should be denied.  Alternatively, Defendants' motion is substantially incorrect.  Plaintiffs are the injured parties and do have Article III standing. Defendants' motion should be denied on substantive grounds, as well.

RESPECTFULLY SUBMITTED, this the 13th day of April, 2022.

ROBBIE  KEETON  GEIGER, DELISHA KEETON MOONEY, and MEGAN ARCHER, Plaintiffs

By:     */s/ Jim Waide*
Jim Waide, MS Bar No. 6857
waide@waidelaw.com
Rachel Pierce Waide, MS Bar No. 100420
rpierce@waidelaw.com
WAIDE & ASSOCIATES, P.A.
332 North Spring Street
Tupelo, MS 38804-3955
Post Office Box 1357
Tupelo, MS 38802-1357
(662) 842-7324 / Telephone
(662) 842-8056 / Facsimile

R. Shane McLaughlin, MS Bar No. 101185
rsm@mclaughlinlawfirm.com
McLAUGHLIN LAW FIRM
347 North Spring Street
Tupelo, MS 38804-3943
Post Office Box 200
Tupelo, MS 38802-0200
(662) 840-5042 / Telephone
(662) 840-5043 / Facsimile

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

This will certify that undersigned counsel for Plaintiffs has this day filed the above and foregoing with the Clerk of the Court, utilizing the federal court electronic case data filing system (CM/ECF), which sent notification of such filing to the following:

**Arnold U. Luciano, Esquire**
**Jacks Griffith Luciano, P.A.**
**aluciano@jlpalaw.com**
**vsmith@jlpalaw.com**
**mhankins@jlpalaw.com**
**lvanvulpen@jlpalaw.com**

**Bethany A. Tarpley, Esquire**
**Jacks Griffith Luciano, P.A.**
**btarpley@jlpalaw.com**
**dlivingston@jlpalaw.com**
**vsmith@jlpalaw.com**
**ballday@jlpalaw.com**

**Daniel J. Griffith, Esquire**
**Jacks Griffith Luciano, P.A.**
**dgriffith@jlpalaw.com**
**vsmith@jlpalaw.com**
**lvanvulpen@jlpalaw.com**
**aluciano@jlpalaw.com**

**Jamie Ferguson Lee, Esquire**
**Jacks Griffith Luciano, P.A.**
**jamie@jlpalaw.com**
**mlott@jlpalaw.com**
**vsmith@jlpalaw.com**

DATED, this the 13th day of April, 2022.

_/s/ Jim Waide_
Jim Waide