IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**ROBBIE KEETON GEIGER**, as
**Administratrix of the Estate of Ricky
Keith Keeton, Deceased, et al.**
                                                                                                                    **PLAINTIFFS**

V.                                                                                                  NO. 1:16-CV-95-DMB-DAS

**MONROE COUNTY, MISSISSIPPI,**
**et al.**                                                                                                         **DEFENDANTS**

### ORDER

On February 4, 2022, the defendants filed a "Motion to Strike All Information Undisclosed by Plaintiffs in Discovery." Doc. #246. Specifically, the defendants (1) seek to strike the transcript[1] of B.J. Harmon's hearing testimony in Stephanie Herring's state court criminal case, which transcript the plaintiffs disclosed for the first time with their opposition to the defendants' motion in limine,[2] and (2) request that the plaintiffs "not be allowed to use it … any time in the future." *Id.* at 1. The plaintiffs oppose the motion. Doc. #248.

Federal Rule of Civil Procedure 26(a)(1)(A) requires that a party provide the other party "the name and, if known, the address and telephone number of each individual likely to have discoverable information … that the disclosing party may use to support its claims or defenses," and "a copy … of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses." The exception to these disclosure requirements is when use of the individual or document "would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i)-(ii). Pursuant to

---

[1] Doc. #234-1.

[2] Doc. #234.

Federal Rule of Civil Procedure 26(e):

> A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response:
>
> > (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
> >
> > (B) as ordered by the court.

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "Four factors guide the 'substantially justified or harmless' inquiry: (1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *RLIS, Inc. v. Cerner Corp.*, 128 F. Supp. 3d 963, 968 (S.D. Tex. 2015) (citing *Tex. A & M Rsch. Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003)).

The defendants argue that the Harmon transcript is not intended to be used solely for impeachment purposes; it is not important; they would be prejudiced if it is deemed admissible because "there was zero opportunity for [them] to question" the plaintiffs about its contents; and "there can be no good explanation for the delay in producing [it] as the Plaintiffs have known about [it] since at least September 19, 2021, as counsel for the Plaintiffs was present at that hearing." Doc. #247 at PageID 3158–59. The plaintiffs respond that the Harmon transcript "provides a good faith basis for asking questions about Defendant Sloan's dishonest acts" under Federal Rule of Evidence 608 and, "[s]ince Harmon is not being offered as a witness, the issue of whether Harmon was timely disclosed is not before the Court." Doc. #249 at 2–3.

Notably, the plaintiffs do not state in their response that the transcript was or will be used just for impeachment. Nor do the plaintiffs address whether their failure to disclose Harmon or the transcript is substantially justified or is harmless, much less address any of the relevant factors in that regard. *See Heidtman v. County of El Paso*, 171 F.3d 1038, 1040 (5th Cir. 1999) ("Appellants provided no explanation for their actions. Therefore, ... the district court clearly did not abuse its discretion by excluding the testimony …."). Accordingly, the motion to strike [246] is **GRANTED**. The Harmon transcript [234-1] is **STRICKEN** from the record as it concerns the defendants' motion in limine[3] and it may not be introduced into evidence at trial.

**SO ORDERED**, this 21st day of September, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[3] Doc. #230.