**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**ROBBIE KEETON GEIGER, as**                                           **PLAINTIFFS**
**Administratrix of the Estate of Ricky**
**Keith Keeton, Deceased, et al.**

**V.**                                                                          **NO. 1:16-CV-95-DMB-DAS**

**MONROE COUNTY, MISSISSIPPI,**
**et al.**                                                                       **DEFENDANTS**

## ORDER

Shortly after the trial of this case was continued, the defendants filed a motion in limine

regarding certain anticipated trial testimony implicating Federal Rule of Evidence 608.  For the

reasons explained below, the motion will be granted in part and denied in part.

## I
## Standard

> The purpose of a motion in limine is to allow the trial court to rule in advance of
> trial on the admissibility and relevance of certain forecasted evidence. Evidence
> should not be excluded in limine unless it is clearly inadmissible on all potential
> grounds. To that end, evidentiary rulings should often be deferred until trial so that
> questions of foundation, relevancy and potential prejudice can be resolved in proper
> context.

*Equal Emp. Opportunity Comm'n v. First Metro. Fin. Serv., Inc.*, 515 F. Supp. 3d 573, 574–75

(N.D. Miss. 2021) (cleaned up).  Rulings on a motion in limine "are not binding on the trial judge,

and the judge may always change his mind during the course of a trial." *Ohler v. United States*,

529 U.S. 753, 758 n.3 (2000).

## II
## Federal Rule of Evidence 608

Federal Rule of Evidence 608 provides:

(a) Reputation or Opinion Evidence. A witness's credibility may be attacked or

supported by testimony about the witness's reputation for having a character for truthfulness or untruthfulness, or by testimony in the form of an opinion about that character. But evidence of truthful character is admissible only after the witness's character for truthfulness has been attacked.

(b) Specific Instances of Conduct. Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of:

(1) the witness; or

(2) another witness whose character the witness being cross-examined has testified about.

By testifying on another matter, a witness does not waive any privilege against self-incrimination for testimony that relates only to the witness's character for truthfulness.

The defendants seek a pre-trial evidentiary ruling regarding the admissibility of certain Rule 608 evidence anticipated to be offered by the plaintiffs through testimony of Stephanie Herring and about Eric Sloan. Doc. #230.

### A. Anticipated Rule 608(a) Testimony

Pursuant to Rule 608(a), the defendants seek to (1) exclude Stephanie Herring's opinion testimony that "Defendant Eric Sloan is not an honest person" or (2) preclude the plaintiffs from calling Herring or "any other witness they intend to call as to … Sloan's reputation for honesty" without first laying the proper foundation outside the jury's presence. Doc. #231 at 2, 5–8.

Rule 608(a) allows a party to attack the credibility of a witness through reputation and opinion evidence of his character for truthfulness or untruthfulness. As recognized by the Fifth Circuit, evidence offered under Rule 608 remains subject to Rules 401 and 403 and must comply with Rule 701. *See United States v. Garza*, 448 F.3d 294, 297 (5th Cir. 2006) ("Rule 608 does not abandon all limits on the reliability and relevance of opinion evidence.")

Rule 401 provides that "[e]vidence is relevant if: (a) it has a tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Under Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of … unfair prejudice, confusing the issues, [or] misleading the jury …." Rule 701 limits opinion testimony "to one that is … rationally based on the witness's perception; [and] helpful to clearly understanding the witness's testimony or to determining a fact in issue." In other words, the party offering opinion testimony concerning another witness's character for truthfulness must first lay an adequate foundation "by demonstrating that the opinion witness knows the relevant witness well enough to have formed an opinion." *United States v. Turning Bear*, 357 F.3d 730, 734 (8th Cir. 2004).

The defendants argue that Herring does not qualify as a Rule 608 witness because she does not know Sloan well enough to have formed an opinion about his character for truthfulness so as to have the necessary foundation under Rule 701, and that Herring's testimony does not survive Rules 401 and 403. Doc. #231 at 8–9. The defendants request that the plaintiffs be required to "lay a predicate for Herring and any other witness they intend to call as to Eric Sloan's reputation for honesty outside the presence of the jury" "[b]ecause of the limited value of [such] opinions."[1] *Id.* at 8.

In response, the plaintiffs argue that "Herring is certainly in a position to have an opinion of Defendant Sloan's character for truthfulness because she was acting as an informant for … Sloan just a few weeks before the no-knock search at issue;" her opinion "is based upon personal observations made very close in time to the day when the no-knock warrant was executed;" and

---

[1] The defendants' arguments largely focus on Herring's ability to testify as to Sloan's character for truthfulness. But they also broadly mention "any other Rule 608(a) witness" and Cecil Cantrell's character for truthfulness. *See* Doc. #231 at 11, 17; Doc. #244 at 7.

Sloan's credibility "is an important issue [such that] evidence related to whether [he] is credible should be received." But the plaintiffs do not address the defendants' request that a foundation for Herring's testimony be laid outside the presence of the jury. Doc. #235 at 2–3.

In *United States v. Garza*, the Fifth Circuit affirmed a district court's decision to exclude a Rule 608 witness' opinion testimony based on inadequate foundation. 448 F.3d 294, 297 (5th Cir. 2006). There, the district court allowed both sides to question the witness outside of the jury's presence in order for it to "adequately decide" whether a proper foundation for the opinion testimony was laid. *Id.* at 297.

This Court finds the same procedure should be used at the trial of this case. So, before opinion testimony by Herring or any other witness may be offered under Rule 608, the offering party must establish that such witness is qualified to have formed the opinion and that the opinion will aid the jury in determining credibility in this case.[2] To avoid any issues of unfair prejudice or confusion, such will take place out of the jury's presence.

Accordingly, the defendants' motion will be granted such that the foundation, if any, for any Rule 608(a) testimony by Herring or any other Rule 608(a) witness will be required to be laid outside the jury's presence. If such foundation is lacking,[3] the evidence will not be permitted.

### B. Anticipated Rule 608(b) Testimony

Under Rule 608(b), the defendants seek to exclude evidence of Sloan's alleged prior bad acts.

---

[2] The defendants assert the Court has already determined Herring's testimony will not be "helpful to a clear understanding of the determination of a fact in issue" based on its prior ruling excluding Herring's deposition and other evidence related to Sloan's alleged past misconduct. Doc. #231 at 8; *see* Doc. #170. However, under Rule 608, the relevant consideration is whether the testimony "would be helpful to the jury in determining the fact of credibility." *Dotson*, 799 F.2d at 193.

[3] To the extent this Court has already evaluated against Rules 401 and 403 evidence presumed to be offered through Herring, for potential Rule 608(a) witnesses other than Herring, any evidence must also survive review through the filters of Rules 401 and/or 403 to be admitted into evidence.

Though extrinsic evidence is generally inadmissible to prove specific instances of a witness' conduct, "the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of" the witness.  Fed. R. Evid. 608(b). For specific instances of an alleged bad act to be admissible under 608(b), "first, the alleged bad act must have a basis in fact and second, the incidents inquired about must be relevant to the character traits at issue in the trial. That does not mean that the basis in fact must be proved as a fact before a good faith inquiry can be made." *United States v. Skelton*, 514 F.3d 433, 443–44 (5th Cir. 2008).

The plaintiffs argue they have a "factual basis for several … acts of dishonesty" by Sloan, including Herring's allegations of "Sloan's attempts to extort money" and testimony "in a recent state court hearing … concerning Sloan's stealing from the victim of a robbery which occurred a few weeks before the no-knock search."  Doc. #235 at 4.  The defendants respond that the plaintiffs' basis in fact "is exceedingly speculative" because "this Court has already excluded Herring's testimony as not relevant" and because the state court testimony "consists of rank hearsay" and was never provided to the defendants until now.[4]  Doc. #244 at 12–13.

"The district court has substantial discretion in determining the admissibility of impeachment evidence under 608(b)." *United States v. Skelton*, 514 F.3d 433, 444 (5th Cir. 2008). "[E]ven if character evidence is deemed admissible under Rule 608(b), its admissibility is subject to Rule 403." *Id.* (citing *United States v. Williams*, 822 F.2d 512, 517 (5th Cir. 1987) ("The district court may under Rule 608(b) determine if evidence is probative of truthfulness, and under Rule 403 exclude even probative evidence if the prejudicial effect outweighs the probative value.")).

---

[4] On September 21, 2022, the Court granted the defendants' motion to strike the state court deposition testimony attached to the plaintiffs' opposition.  *See* Doc. #281.

Under Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of … unfair prejudice, confusing the issues, [or] misleading the jury." Assuming evidence of Sloan's alleged prior bad acts is probative of his character for truthfulness,[5] the question is whether the proposed cross-examination's probative value is substantially outweighed by its danger.

In their opposition, the plaintiffs argue that Sloan's credibility "is a weighty issue" because "[w]hether the use of force was objectively reasonable" and "whether there was a legitimate need for a no-knock entry will be determined, in part, by weighing [his] credibility." Doc. #235 at 5. They contend that "a jury could find that a no-knock search made in order to steal $20,000.00, or for any other nefarious purpose, is unreasonable," and "a jury may reasonably infer that Sloan's real purpose was to carry out his habit of stealing from persons whom he searches." Doc. #235 at 7–8. The plaintiffs further maintain that "the issue[s] of … Sloan's dishonesty and whether he had a nefarious purpose in executing the no-knock warrant … overlap [and] both are issues in the case." Doc. #235 at 9. The defendants respond that the plaintiffs are attempting to "circumvent the prior ruling of the Court" and the prejudicial effect of allowing such evidence under Rule 608(b) outweighs its probative value. Doc. #244 at 14.

The Court agrees that Sloan's credibility or character for truthfulness will be at issue in this trial. However, the Court does not agree that whether Sloan had a "nefarious purpose" in executing the warrant is a proper issue for trial. Indeed, as the defendants point out, this Court has already

---

[5] Instances of misconduct that are "clearly probative of truthfulness or untruthfulness" are those such as "perjury, fraud, swindling, forgery, bribery, and embezzlement." *United States v. Tomblin*, 46 F.3d 1369, 1389 (5th Cir. 1995). If Sloan's alleged prior bad acts involve extortion, it likely would be probative of his character for truthfulness. But if the acts amount to theft without involving dishonesty, it likely would not be probative of the same. *See United States v. Sipe*, 388 F.3d 471, 486 (5th Cir. 2004) (explaining the record was unclear whether witness's "theft charge was a crime involving dishonesty"); *compare United States v. Newman*, 849 F.2d 156, 163 (5th Cir. 1988) (holding prior convictions for "theft by deception" and "theft forgery" were properly admitted under Rule 609(a)(2), *with Coursey v. Broadhurst*, 888 F.2d 338, 341 (5th Cir. 1989) (holding that felony theft of cattle is not a crime involving dishonesty or false statements under Rule 609(a)(2)).

excluded similar evidence relating to "allegations by Herring … that Sloan had engaged in an array of misconduct, including attempts to extort and steal money from drug dealers, and the investigation into such allegations." Doc. #170 at 4. Explaining that "[b]ecause reasonableness under the Fourth Amendment is disconnected from an officer's subjective intent," this Court found "the plaintiffs' proffered use for the evidence—to establish Sloan's alleged wrongful intent and motive in instigating the search and seizure—[wa]s irrelevant to the claims before" it. *Id.* at 4. Thus, because Sloan's *motive* is not at issue here, the Court ultimately agrees with the defendants that to the extent evidence of Sloan's prior acts is relevant to his credibility, its probative value is outweighed by the prejudicial effect of confusing the issues in this case. As such, it is properly excluded under Rule 403. *See, e.g.*, *Flythe v. District of Columbia*, 4 F. Supp. 3d 222 (D.C. 2014) (granting motion in limine to exclude references of officer's subjective mental state as "irrelevant to the objective reasonableness inquiry" and "highly prejudicial and [would] likely confuse the jury into thinking that [officer's] subjective mental state was the real issue").

Accordingly, the defendants' motion will be granted such that evidence related to Sloan's alleged prior bad acts, including the questioning of any witness about such acts, is inadmissible under Rule 403.[6]

### III
### Conclusion

In accordance with the rulings above, the defendants' "Motion in Limine for Ruling on FRE 608" [230] is **GRANTED in Part and DENIED in Part**. It is GRANTED such that (1) the foundation, if any, for any Rule 608(a) testimony by Herring or any other Rule 608(a) witness will be required to be laid outside the jury's presence and (2) evidence related to Sloan's alleged prior

---

[6] To the extent the defendants mention in their motion "former Sheriff Cantrell's alleged bad acts," they have not provided details of such acts. *See* Doc. #231 at 14.

bad acts is excluded from trial.  It is DENIED to the extent it seeks a pretrial ruling on the

admissibility of Herring's Rule 608(a) testimony.

      **SO ORDERED**, this 26th day of September, 2022.

                                                **/s/Debra M. Brown**
                                                **UNITED STATES DISTRICT JUDGE**