IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**ROBBIE KEETON GEIGER, as**                                                     **PLAINTIFFS**
**Administratrix of the Estate of Ricky**
**Keith Keeton, Deceased, et al.**

**V.**                                                            **NO. 1:16-CV-95-DMB-DAS**

**MONROE COUNTY, MISSISSIPPI,**
**et al.**                                                            **DEFENDANTS**

## ORDER

The defendants have moved to dismiss on standing grounds the Fourth Amendment wrongful seizure claim against Monroe County. For the reasons below, the motion will be denied.

### I
### Relevant Procedural History

On March 31, 2022, two and a half months after the trial in this case was continued,[1] the defendants filed a motion to dismiss the Fourth Amendment wrongful seizure claim against Monroe County[2] for lack of standing. Doc. #254. Approximately two weeks later, the plaintiffs responded in opposition. Doc. #258. The defendants replied on April 20, 2022. Doc. #263.

On April 22, 2022, the plaintiffs filed a motion for leave to file a surrebuttal brief regarding the defendants' motion to dismiss, Doc. #267, and attached their proposed brief as an exhibit, Doc. #267-1. The defendants responded four days later. Doc. #270. The plaintiffs did not reply.

### II
### Motion for Leave to File Surreply

"While it is true that the Federal Rules of Civil Procedure do not expressly allow for a

---

[1] Doc. #223.

[2] This claim is only asserted against the County. *See* Doc. #1 at ¶ 21.

surreply by a nonmovant, a sur-reply is appropriate when the movant's rebuttal raises new legal theories or attempts to present new evidence at the reply or rebuttal stage." *16 Front Street LLC v. Miss. Silicon, LLC*, 162 F. Supp. 3d 558, 560 (N.D. Miss. 2016) (cleaned up).  Although "surreplies are heavily disfavored," *id.*, "[t]he Court may grant motions for leave to file a sur-reply in the exercise of its sound discretion." *Global Tubing, LLC v. Tenaris Coiled Tubes, LLC*, __ F. Supp. 3d __, 2022 WL 3349316, at *1 n.2 (S.D. Tex. Aug. 14, 2022) (citing *RedHawk Holdings Corp. v. Schreiber Tr. of Schreiber Living Tr.*, 836 F. App'x 232, 233 (5th Cir. 2020)).

The plaintiffs argue a surreply is necessary because the defendants "for the first time, claim a pleading inadequacy" in their reply.  Doc. #267.  The defendants respond that a surreply is not warranted because they argued in their initial brief that the plaintiffs "had failed to properly plead a Fourth Amendment claim of their own based on their pleadings" and thus the argument the plaintiffs seek to address is not new.  Doc. #270 at PageID 4497 (emphasis omitted).

The defendants' argument does appear in their initial memorandum brief.[3]  However, because the Court's decision below on the motion to dismiss will be based on the substance of the proposed pretrial order agreed to by the parties and submitted to the undersigned in July 2021,[4] which was not presented in support of the motion until the defendants' reply brief, the plaintiffs' motion for leave to file the proposed surreply will be granted and the Court will consider the proposed surreply as filed.  *See RedHawk*, 836 F. App'x at 233 ("The district court abused its discretion by granting [the defendant's] motion … based exclusively on arguments and evidence presented for the first time in [its] reply brief without allowing [the plaintiff] to file a surreply.").

---

[3] *See* Doc. #255 at PageID 3297–98.

[4] The parties were recently instructed to submit a revised proposed pretrial order to United States Magistrate Judge David A. Sanders.  *See* Doc. #277.  Because any revisions will post-date the motion, they will not be considered in this Court's ruling on the motion.

# III
# Motion to Dismiss

The defendants seek to dismiss the Fourth Amendment wrongful seizure claim against the County on the ground that the plaintiffs lack Article III standing to bring the claim. Doc. #254.

### A. Standard of Review

Motions under Federal Rule of Civil Procedure Rule 12(b)(1) challenge a court's subject matter jurisdiction. "A motion to dismiss for lack of standing may be either 'facial' or 'factual.'" *Superior MRI Servs., Inc. v. Alliance Healthcare Servs., Inc.*, 778 F.3d 502, 504 (5th Cir. 2015). A facial attack is based solely upon the complaint itself, whereas "[a] 'factual attack' … challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings." *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). Where, as here, evidentiary materials are submitted in support of the motion to dismiss, the attack is said to be factual. *Superior*, 778 F.3d at 504.

### B. Analysis

A plaintiff must have Article III standing to invoke a federal court's subject matter jurisdiction. *Arbaugh v. Altimus*, 26 F.4th 298, 303 (5th Cir. 2022).

> To establish standing, the plaintiff must show (1) that he or she suffered an injury in fact that is concrete, particularized, and actual or imminent, (2) that the injury was caused by the defendant, and (3) that the injury would likely be redressed by the requested judicial relief. Stated differently, the plaintiff must demonstrate personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief.

*Daves v. Dallas Cnty.*, 22 F.4th 522, 542 (5th Cir. 2022) (cleaned up). "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).

The defendants argue that (1) "[b]ecause any alleged wrongful seizure happened after

3

Ricky Keeton's death, this alleged violation could not survive his death" such that the plaintiffs "have no standing to assert that right for him;" and (2) the plaintiffs "have no Fourth Amendment wrongful seizure rights of their own [because t]he Fourth Amendment right to be free from unreasonable seizure is a personal right that belongs only to the individual whose … belongings is subject to seizure" and, "[a]s repeatedly plead in the Complaint, the property allegedly seized was 'Keeton's personal property.'" Doc. #255 at PageID 3293, 3297–98.

The plaintiffs respond that they "assert claims for violation of their own rights" because they "became the owners of the personal property at the time of Keeton's death" so "when Defendant County seized the property that Keeton had owned before his death, [it] seized property belonging to [them]." Doc. #259 at 2.

In reply, the defendants rely on the proposed pretrial order signed by the parties[5] and on other submissions by the plaintiffs[6] to argue that the plaintiffs "have never pled their own Fourth Amendment Claim." Doc. #263 at PageID 4332–35. In their surreply, the plaintiffs respond that the defendants' argument is "hypertechnical;" the defendants "are not surprised by an argument that the claim belongs to [them] upon Keeton's death;" and "a pretrial order can surely be amended before [trial] to make clear that the claim is on behalf of [them] for their own property which had belonged to their father until his death" but "[s]uch an amendment is not necessary when Defendants know Plaintiffs' claim is for themselves, not for their deceased father." Doc. #267-1 at 1–3.

The plaintiffs appear to concede that a plaintiff does not have standing to pursue a Fourth Amendment wrongful seizure claim for an alleged violation of a deceased's rights occurring after

---

[5] Doc. #263-1.

[6] The defendants also rely on the plaintiffs' response to inquiries by the Court and the plaintiffs' proposed jury instructions. Docs. #263-2, #263-3.

4

his death.[7] And the defendants concede that they "are not questioning Plaintiffs' standing as heirs to ever bring a Fourth Amendment wrongful seizure claim." Doc. #263 at PageID 4332. Thus, the question before this Court is whether the plaintiffs have pled such a claim.

The complaint and the proposed pretrial order contain inconsistent statements as to whether the Fourth Amendment seizure claim is brought on behalf of Keeton or on behalf of the plaintiffs.[8] But because a pretrial order supersedes a complaint,[9] the Court's inquiry will focus on the proposed pretrial order signed by the parties at the time the defendants filed the motion to dismiss.

As the defendants point out, the plaintiffs' summary of facts in the proposed pretrial order states in part that, after Keeton's death, the defendants "then arbitrarily and unreasonably seized and detained Ricky's personal property" and "[t]he sheriff's department seizing most of Ricky Keeton's personal property after the seizure was … unreasonable seizure in violation of the Fourth … Amendment." Doc. #263-1 at PageID 4339 (internal quotation marks omitted). But the property is also referenced as "Plaintiff's property" and generally as "personal property" throughout the proposed pretrial order. *See id.* at PageID 4343–44, 4347.

Under Federal Rule of Civil Procedure 16(e), "[t]he court may modify the order issued after a final pretrial conference only to prevent manifest injustice." "An amendment of a pretrial

---

[7] *See* Doc. #259 at 2 (responding to the defendants' argument and authority by stating "Plaintiffs, in this case, however, do not assert a claim for 'deprivation of a corpse's rights.'").

[8] *Compare* Doc. #1 at ¶ 18 ("Monroe County deputies … seized much of Keeton's personal property."), *and* ¶ 19 ("Defendants have failed to return … some of Keeton's property …."), *and* ¶ 23 ("Plaintiffs are also due damages because of … the wrongful detention of the personal property of Keeton."), *with* ¶ 18 ("Defendant Monroe County attempted to justify the seizure of the property with a baseless claim that Plaintiff's personal property was the proceeds of drug sales."), *and* ¶ 21 ("Defendant Monroe County is liable to Plaintiff for … violation of the Fourth Amendment by the judicially unauthorized seizing and detaining of some of Plaintiff's property … and because of the confiscation of other of Plaintiff's property."), *and* ¶ 23 ("Plaintiffs are also due damages because of the loss of personal property …").

[9] *Excel Modular Scaffold & Leasing Co. v. Occupational Safety & Health Rev. Comm'n*, 943 F.3d 748, 755 (5th Cir. 2019) ("It is a well-settled rule that a joint pretrial order signed by both parties supersedes all pleadings and governs the issue and evidence to be presented at trial.").

5

order should be permitted where no substantial injury will be occasioned to the opposing party, the refusal to allow the amendment might result in injustice to the movant, and the inconvenience to the court is slight." *Jordan v. Maxfield & Oberton Holdings, L.L.C.*, 977 F.3d 412, 421 (5th Cir. 2020).

Despite the defendants' argument that the plaintiffs "have never pled their own Fourth Amendment claim," based on the inconsistencies in the proposed pretrial order, the Court finds it should be modified to reflect the plaintiffs' standing as Ricky Keeton's heirs to bring a Fourth Amendment wrongful seizure claim for the seizure of the property. To hold otherwise would result in manifest injustice to the plaintiffs. *See Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir. 2010) (affirming district court's decision that "modification of the pretrial order was warranted to prevent substantial injustice" when "disallowing the amendment would have left [the plaintiff] dead in the water") (internal quotation marks omitted). And any resulting prejudice to the defendants is minor under the circumstances.[10]

## IV
## Conclusion

The plaintiffs' motion for leave [267] is **GRANTED**. The defendants' motion to dismiss [254] is **DENIED**. The pretrial order ultimately issued by the Court will be modified to conform to this ruling.

**SO ORDERED**, this 26th day of September, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[10] This case was continued on the eve of trial multiple times over the past fourteen months. *See* Docs. #171, #191 (August 16, 2021, trial date continued on August 11); Docs. #192, #198 (August 30 trial date continued on August 17); Docs. #199, #209 (September 20 trial date continued on September 17); Docs. #210, #219 (January 5 trial date continued on December 31); Docs. #220, #223 (January 10 trial date continued on January 7); Docs. #224, #273 (May 16 trial date continued on May 6). It seems there is little to no prejudice to defendants at this point based on their own failure to raise any inconsistencies or issues relative to the seizure claim until this motion.